UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**    'O'

| | | | |
|---|---|---|---|
| Case No. | 2:16-cv-02110-CAS(AFMx) | Date | May 10, 2016 |
| Title | NATIONAL LABOR RELATIONS BOARD V. SANDERS CLARK & CO., INC. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:    Attorneys Present for Defendants:

Not Present    Not Present

**Proceedings:**   (IN CHAMBERS) - EX PARTE APPLICATION TO STAY CASE (Dkt. 45, filed May 5, 2016)

On April 25, 2016, the Court issued a ruling in this case finding that respondent had waived the attorney-client privilege by failing to timely produce an adequate privilege log and ordering defendant's to produce all documents responsive to the National Labor Relations Board's subpoena. Dkt. 44. Thereafter, on May 5, 2016, respondent filed a motion for leave to appeal the Court's April 25 Order. Dkt. 46.[1] Respondent now brings the instant ex parte application requesting that the Court stay the effect of its April 25 Order pending the resolution of respondent's appeal. Dkt. 47. On May 6, 2016, the NLRB filed an opposition to this application. Dkt. 49.

In considering whether to grant a stay pending the resolution of an appeal, the Court considers four factors: (1) likelihood of success on the merits of the appeal; (2) harm to the defendant in the absence of a stay; (3) harm to the plaintiff if the action is stayed; and (4) the public interest. Leiva–Perez v. Holder, 640 F.3d 962, 964–70 (9th Cir. 2011) (citing Hilton v. Braunskill, 481 U.S. 770, 776 (1987)). The decision whether or not to issue a stay is "an exercise of judicial discretion," and "[t]he propriety of its issue is dependent upon the circumstances of the particular case." Nken v. Holder, 556

---

[1] On May 9, 2016, the NLRB filed a notice of non-opposition to respondent's motion for leave to appeal. Moreover, it is well established that district court decisions granting or denying enforcement of NLRB subpoenas are final and ripe for review. See, e.g., NLRB v. Bakersfield Californian, 128 F.3d 1339, 1340 (9th Cir. 1997); NLRB v. N. Bay Plumbing, Inc., 102 F.3d 1005, 1006 (9th Cir. 1996). Accordingly, the Court hereby **GRANTS** respondent leave to appeal the Court's April 25 Order.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**   'O'

| Case No. | 2:16-cv-02110-CAS(AFMx) | Date | May 10, 2016 |
|---|---|---|---|
| Title | NATIONAL LABOR RELATIONS BOARD V. SANDERS CLARK & CO., INC. | | |

U.S. 418, 433 (2009) (quoting Virginian R. Co. v. United States, 272 U.S. 658, 672-73 (1926)).

The Court finds that a stay is inappropriate because respondent has failed to make a showing that it is likely to succeed on the merits of its appeal. In order to justify a stay, respondent must show, at a minimum, that it "has a substantial case for relief on the merits." Leiva-Perez v. Holder, 640 F.3d at 966. On appeal, the Ninth Circuit will apply a deferential standard of review with respect to the Court's finding that respondent had waived the attorney-client privilege. See Burlington Northern Santa Fe Ry. Co. v. U.S. District Court, 408 F.3d 1142, 1146 (9th Cir. 2005) (applying "clear error" standard of review to district court's finding that defendant had waived the attorney-client privilege by failing to timely produce a privilege log). As the Court explained in its prior order, respondent delayed for nearly a year before finally producing a privilege log in February 2016. Moreover, according to the NLRB, this privilege log was "sparse" and "devoid of meaningful detail" and respondent delayed yet another month before producing a more detailed privilege log. The Ninth Circuit has held that, absent "mitigating circumstance," a delay of only five months is sufficient to "immunize [a] district court's [waiver] ruling from reversal." Id. at 1149. Furthermore, during a hearing the Court asked counsel for respondent why she had failed to timely produce a privilege log and why she had not requested an extension from the Court in which to submit a privilege log. As the Court explained in its April 25 Order, counsel's responses were "wholly inadequate." Dkt. 44, at 10. Accordingly, for these reasons, and particularly given that the Ninth Circuit will apply a deferential standard of review to the Court's ruling, the Court finds that respondent has failed to demonstrate a likelihood of success on appeal.

In addition, the Court previously noted that "the NLRB has suffered prejudice as a result of respondent's delay in timely producing a privilege log." Id., at 11. Specifically, the underlying administrative hearing in this case has now been underway for two months. However, as a result of respondent's delays, the NLRB has been forced to proceed without many relevant documents. Granting respondent's requested stay would only exacerbate this prejudice to the NLRB.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:16-cv-02110-CAS(AFMx) | Date | May 10, 2016 |
|---|---|---|---|
| Title | NATIONAL LABOR RELATIONS BOARD V. SANDERS CLARK & CO., INC. | | |

Accordingly, the Court finds that respondent has failed to make the requisite showing to warrant a stay of the Court's April 25 Order. Respondent's ex parte application is, therefore, **DENIED**.

IT IS SO ORDERED.

|  |  | 00 | : | 00 |
|---|---|---|---|---|
|  | Initials of Preparer | | CMJ | |